United States District Court for the Colorado District Court

Plaintiff:  Frank Sturgell

v.

Defendant:  The Attorney General of the State of Colorado

FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

2016 JUN 24  PH 4: 44

⸻ ⸻ WELL
CLERK

BY_____DEP. CLK

## COMPLAINT FOR DAMAGES

## PARTIES

**Plaintiff:**  Frank Sturgell

**Defendants:**

The Office of the Attorney General of the State of Colorado;

Colorado Department of Law

Ralph L. Carr Judicial Building

1300 N. Broadway, 10th Floor

Denver, CO  80203

Cynthia Coffman both in her capacity as the Attorney General of the State of
Colorado and as her person; (Same address)

Erin Lamb, Cynthia Coffman's Executive Assistant and Interim Public Information
Officer; (Same address)

Stephanie Mann, Assistant Attorney General of the State of Colorado; (Same
address)

The Office of the Attorney General of the State of Colorado; (Same address)

The State of Colorado; (Same address)

## TABLE OF CONTENTS

**A. Introduction**  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3

**B. Jurisdiction & Venue**  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  5

**C. Facts** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  8

C1.  Traditional and Public Forum  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

    C1a.  Facebook  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

    C1b.  Twitter  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

C2.  Review of Attorney General's Facebook page "Comment Policy" . . 24

C3.  Violations of Due Process  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

C4.  Attorney General's Obstruction of Public Justice & Official

    Oppression  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 32

C5.  Ms. Coffman's Failed Oath of Office  . . . . . . . . . . . . . . . . . . . . . . . . 42

C6.  Deletion of Comments & Blocking on Facebook & Twitter . . . . . . . . 46

C7.  Why Did the Attorney General Deprive Mr. Sturgell's Free Speech

    Rights & Proof of Failure of Legally Mandated Duties to Harm    53

D1.  Injunctive Relief  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .58

D2.  Financial Relief  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .60

    Signature  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 61

## A.  INTRODUCTION

A1-1.  **This is NOT a lawsuit about a disagreement.**

There is NO disagreement.

Mr. Sturgell knows the Attorney General has violated multiple laws to harm his life.

Attorney General knows she has violated multiple laws to harm Mr. Sturgell's life.

All parties are in agreement when they speak honestly.

The only disagreement is that the Attorney General thinks she belongs to a syndicate that is above the law.  Mr. Sturgell does not believe either the syndicate or the Attorney General can at any time be above the law.

A1-2.  This is a lawsuit to pray for relief to the Federal Court to order the Attorney General of the State of Colorado to STOP harming Mr. Sturgell in all means and methods that are currently being used and all others.  Mr. Sturgell is asking a Federal judge to tell the Attorney General to either immediately behave like an Attorney General or vacate her position with the latter being the preference.

A1-3.  This IS a lawsuit about an abuse of power for the purpose of quashing free speech to prevent a sovereign citizen from stating that the Attorney General, the Governor, the General Assembly, District Attorneys, and many other government officials are violating other laws to intentionally and knowingly harm that sovereign citizen.

A1-4.  The Attorney General of the State of Colorado has knowingly and intentionally quashed Mr. Sturgell's free speech rights simply because she wants to limit Mr. Sturgell spreading the facts of the Attorney General violating multiple other laws that she is very aware of the harm to Mr. Sturgell's life.

3

A1-5.  It is asked of the court to create a common law solution to limit behavior of government officials in the use of social media to protect free speech rights of citizens.  Government officials and agencies have exhibited a disregard for free speech rights on social media platforms across the country.

A1-6.  The Attorney General is the very person and office supposed to protect these rights, but has chosen to commit and allow crimes to harm.  Because of her legal authority, education, and experience, Ms. Coffman has a higher legal responsibility and legal knowledge than other government officials in Colorado. She has disregarded her responsibilities.

A1-7.  The Office of the Attorney General of the State of Colorado has intentionally and knowingly failed to enforce or follow laws to control the boards of the Department of Regulatory Agencies, specifically the architects of the Architects, Engineers, and Surveyors Board.  Specific to the Attorney General's duties is to prevent interference of commerce per **Colorado Revised Statutes 6-4-111 – Enforcement by Attorney General** and to abide by **Colorado Revised Statutes 24-31-101 Powers & Duties of the Attorney General** specifically **(1) (f)**.  Both are being dramatically violated.

A1-8.  Mr. Sturgell has told this to many officials of the government including Cynthia Coffman, the Attorney General of the State of Colorado.  Mr. Sturgell has

pointed out specific violations of law by the architects board (most specifically **C.R.S. 12-25-314 - Qualifications for Architect Licensure.**) to the Attorney General.  Mr. Sturgell has done this by 3 methods.

1.) Notice of Claim to the Board, DORA employees, & legal counsel including the representative of the Attorney General, John Roberts.  Mr. Sturgell delivered this Notice of Claim to an AES board meeting on April 2014.  The first person that received an envelope was a surveyor.  He asked, "What is this?"  Mr. Sturgell responded, "I'm suing you."  The remainder of the engineers and surveyors literally stood up, smiled, grabbed for the notice of claim, and said, "Thank you" to Mr. Sturgell for his statement that he was going to sue them.  The architects, fake public representatives, legal counsel Scott Sanderson, DORA employees, and Senior Assistant Attorney General John Roberts all placed their faces down in shame and refused to look at Mr. Sturgell while he circled the tables that configured the meeting room.

2.) Notice of Claim to the Attorney General both to former Attorney General of the State of Colorado John Suthers sent via John Robert's during the board meeting mentioned above and directly to the at the time Deputy Attorney General and now Attorney General Cynthia Coffman.

3.) Social media, specifically Facebook and Twitter where the Office of the Attorney General of the State of Colorado have blocked Mr. Sturgell violating his Free Speech rights protected by the **1st Amendment** and **Equal Treatment of the Law** clause of the **14th Amendment of the Constitution of**

5

**the United State of America** accessed via **Title 42, Section 1983 of the U.S. Code.** The deprivation of rights has caused irreparable emotional harm to Mr. Sturgell. The reasons why those rights have been removed have caused him both irreparable financial and emotional harm for the remainder of his life. Mr. Sturgell knows that the people that state they are to protect the People from "enemies foreign and domestic" are the enemies.

## B. JURISDICTION, PARTIES, & VENUE

B1-1. The U.S. 10th District Court for the Colorado District has jurisdiction due to the fact that this complaint demonstrates very clear violations of the **Free Speech** clause of the **1st Amendment** and the **Equal Treatment of the Law** and **Due Process** clauses of the **14th Amendment of the Constitution of the United States of America** accessed via **42 U.S.C., Section 1983.**

B1-2. The U.S. 10th District Court for the Colorado District has subject matter jurisdiction **28 U.S.C. Sections 1331** and **1343.**

B1-3. This complaint is commenced pursuant to **42 U.S.C. 1983** and **28 U.S.C. 2201** and **28 U.S.C. 2202.**

6

B1-4.  The plaintiff, Mr. Sturgell is a resident of the State of Colorado and a natural born citizen of the United States of America and is under the jurisdiction of this court.

B1-5.  The State of Colorado is under the jurisdiction of this court.

B1-6.  Venue is proper pursuant to **28 U.S.C. 1391**.

B1-7.  Cynthia Coffman is the elected Attorney General of the State of Colorado. Prior to her current position as Attorney General of the State of Colorado, Ms. Coffman was the Deputy Attorney General of the State of Colorado with duties as Chief Operating Officer of that Attorney General's Office.  Ms. Coffman is presumed to be resident of the State of Colorado and a citizen of the United States.

B1-8.  Stephanie Mann & Erin Lamb are presumed to be residents of the State of Colorado and United States citizens.

B1-9.  The U.S. 10th District Court for the Colorado District has jurisdiction over deprivation of rights violated by the State of Colorado and any of its officials including the Attorney General of the State of Colorado.

B1-10.  The U.S. 10th District Court for the Colorado District is located at 901 19th Street, Denver, CO  80294

## C. FACTS

### 1ST Amendment of the US Constitution

*"Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or **abridging the freedom of speech**, or of the press; or the right of the people peaceably to assemble, and **to petition the government for a redress of grievances."***

## C1.  Traditional and Public Forum

C1-1.  Mr. Sturgell has lost his free speech rights.

C1-2.  He has also lost a government that abides by any resemblance to the rule of law.

C1-3.  Removal of rights causes irreparable harm.  *"It is well established that 'the loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury."* **Am. Broad. Cos., Inc. v. Wells, 669 F. Supp. 2d 483, 489 (D.N.J. 2009) (quoting Elrod v. Burns, 427 U.S. 347, 373 (1976); see also Citizens United for Free Speech II v. Long Beach Twp. Bd. of Comm'rs, 802 F. Supp. 1223, 1237 (D.N.J. 1992)).**

8

C1-4.  Mr. Sturgell's irreparable harm is "*of a peculiar nature, so that compensation in money cannot atone for it.*"  **Campbell Soup Co. v. ConAgra, Inc., 977 F.2d 86, 92 (3d Cir. 1992) (quoting ECRI v. McGraw-Hill, Inc., 809 F.2d 223, 226 (3d Cir. 1987)).**

C1-5.  Mr. Sturgell's harm *"cannot be redressed by a legal or an equitable remedy following a trial."* **Trico Equip., Inc. v. Manor, 2009 U.S. Dist. LEXIS 50524, at *22 (D.N.J. June 13, 2009) (citing Instant Air Freight Co. v. C.F. Air Freight, Inc., 882 F.2d 797, 801 (3d Cir. 1989)).**

C1-6.  The Bill of Rights of the Constitution of the United States of America was written for the purpose of limiting the government's actions and preserve rights for the People.  It has been enforced in the courts with that interpretation ever since.

C1-7.  *"Our Constitution is designed to maximize individual freedoms within a framework of ordered liberty.  Statutory limitations on those freedoms are examined for substantive authority and content as well as definiteness or certainty of expression."*  **Kolender v. Lawson, 461 U.S. 352, 357 (1983)**  The Attorney General is acting arbitrarily in disregard of common law limitations of free speech and minimizing rather than maximizing individual freedoms by suppressing Mr. Sturgell's free speech rights without regard to due process or any laws only due to

9

the fact that Mr. Sturgell's speech was critical of the Attorney General's criminal activity to immense harm Mr. Sturgell's life.  The Attorney General removed Mr. Sturgell's free speech to cover-up the reality that Cynthia Coffman and the Office of the Colorado Attorney General are knowingly and intentionally violating multiple laws whose violations are very well known to be harming Mr. Sturgell's life.

C1-8.  The government due to the First Amendment must be held to a much higher scrutiny of free speech rights on social media and any traditional public forum than citizens.  The Attorney General knows this scrutiny is demanded of her and refused to acknowledge the law.

C1-9.  Public's interest in Mr. Sturgell expressing his views is an absolute necessity.  Mr. Sturgell has to present very important facts that the Attorney General performing her duties as demanded to by law.  If Mr. Sturgell is not allowed to state the facts that the Attorney General is knowingly and intentionally violated laws and depriving Constitutional rights, who will the Attorney General violate next and then try to hush them up to continue the cover-up as long as possible.  The reality is that she is harming many lives in Colorado.

C1-10.  A properly functioning Attorney General's Office would address Mr. Sturgell's statements, stop violating the law, and repair the damage caused to his life immediately.  A properly function government including the Attorney General

10

have absolutely NO interest in removing Mr. Sturgell's free speech. The Attorney General has refused to act in the government's interest and completely against Mr. Sturgell's interest, which is paramount to this case. Why does an Attorney General have to be brought before a Federal judge to be told to do her job!?

C1-11. *"Because the nature of the forum dictates the standard of scrutiny with which restrictions on speech are reviewed, courts typically begin the analysis of a challenge to restrictions on speech involving government property by identifying the nature of the forum involved."* **Doe v. City of Albuquerque, 667 F.3d 1111, 1128 (10th Cir. 2012).**

C1-12. A traditional public forum must face the highest level of scrutiny from a judicial review necessary to maximize individual freedoms. Both Facebook and Twitter were created to be and are traditional public forums.

C1-13. There are 3 types of fora:

    (1)   Public fora by "tradition,"

    (2)   Public fora by "designation," and

    (3)   Non-public fora.

**Perry Educ. Ass'n v. Perry Educators' Ass'n, 460 U.S. 37 (1983)**

C1-14. *"A second category consists of public property which the State has opened for use by the public as a place for expressive activity. The Constitution forbids a State to enforce certain exclusions from a forum generally open to the public even if it was not required to create the forum in the first place." Widmar v. Vincent,* __454 U. S. 263__ **(1981)** (university meeting facilities); *City of Madison Joint School District v. Wisconsin Employment Relations Comm'n,* __429 U. S. 167__ (1976) (school board meeting);  **Perry Educ. Ass'n v. Perry Educators' Ass'n, 460 U.S. 37 (1983)**

C1-15.  *"Where the State has opened a forum for direct citizen involvement,"* exclusions bear a heavy burden of justification); **Southeastern Promotions, Ltd. v. Conrad,** __420 U.S. 546__**, 555-559 (1975)** (because municipal theater was a public forum, city could not exclude a production without satisfying constitutional safeguards applicable to prior restraints).

C1-16.  *"In these quintessential public forums, the government may not prohibit all communicative activity. For the State to enforce a content-based exclusion, it must show that its regulation is necessary to serve a compelling state interest and that it is narrowly drawn to achieve that end."* **Carey v. Brown,** __447 U. S. 455__**,** __447 U. S. 461__ **(1980).**

12

C1-17.  *"The State may also enforce regulations of the time, place, and manner of expression which are content-neutral, are narrowly tailored to serve a significant government interest, and leave open ample alternative channels of communication."* **United States Postal Service v. Council of Greenburgh Civic Assns., 453 U. S. 114, 453 U. S. 132 (1981); Consolidated Edison Co. v. Public Service Comm'n, 447 U. S. 530, 447 U. S. 535-536 (1980); Grayned v. City of Rockford, supra, at 408 U. S. 115; Cantwell v. Connecticut, 310 U. S. 296 (1940); Schneider v. State, 308 U. S. 147 (1939).**

C1-18.  The plaza in front of in Denver was designed as a traditional public forum and was stated by both plaintiff's attorney David Lane and expert witness testimony Steven Steadman, Administrator of Judicial Security for the State of Colorado in **Verlo v. Denver 15-CV-01775** where a temporary injunction argued in U.S. 10th District Court.  The Lindsey-Flanigan Courthouse was completed and opened in 2010 and has been a traditional public forum since.

C1-19.  "In contrast, Denver entered into a joint stipulation (the Stipulation) with Plaintiffs. The Stipulation asserted that the entire Plaza between the Courthouse and the Detention Center—specifically including the Restricted Areas—was *"a public forum and any content-based regulations must be narrowly drawn to effectuate a compelling state interest and reasonable time, place and manner regulations."*  **Verlo v. Martinez, Appeal from the United States District Court**

13

**for the District of Colorado (D.C. No. 1:15-CV-01775-WJM-MJW)**

https://www.ca10.uscourts.gov/opinions/15/15-1319.pdf

C1-20.  Social Media platforms are used by people to communicate with other people, entities, organizations, governments, etc. to share ideas, protest, lobby, and express their free speech rights.  This is the definition of a traditional public forum.

C1-21.  First Amendment rights apply the most in a traditional public forum, such as a public park.  Social media on the internet is a physical forum, but it envelops the entire country and world.  People participating in a forum do not need to be one certain specific place.  **Roseberger v. Rector and Visitors of the University of Virginia, 515 U.S. 819 (1995)**  The internet allows social media such as Facebook and Twitter to be many physical places connected at the same time.  The social media platform software is the traditional public forum.

C1-22.  Traditional public forum is defined as *"immemorially been held in trust for the use of the public and, time out of mind, have been used for purposes of assembly, communicating thoughts between citizens, and discussing public questions."*  **Hague v. CIO, <u>307 U. S. 496</u>, <u>307 U. S. 515</u> (1939).**  Social media including Facebook and Twitter was made for this exact reason.  The government

(Colorado Attorney General) chose to join into social media including Facebook and Twitter since it had become a tradition public forum.

## C1a.  Facebook

C1a-1.  Mr. Sturgell "Liked" the Facebook page of The Colorado Attorney General's Office approximately during the early to mid-month of August 2015 found with this link, https://www.facebook.com/ColoradoAttorneyGeneral/?fref=ts

C1a-2.  The Facebook page of The Colorado Attorney General's Office states very clearly that it is "Government Law," "Law Enforcement," & that it is a "Government Organization."  The Colorado Attorney General's Office makes it very clear that the page is dedicated for official government use to communicate to the citizens of the State of Colorado by both sending "Posts" for all Coloradans to see and to receive responses from all Coloradans.

C1a-3.  The fact that the page states that it is a "Government Organization" means that the "Government Organization" running the page must abide by the Constitutions of the United States of America and the State of Colorado as well as Common Law, the U.S. Code, and Colorado Revised Statutes, particularly when in situations of protecting rights of citizens.

15

C1a-4.  Mr. Sturgell had never violated any ruling of the US Supreme Court on restricting free speech on either the Office of the Attorney General of the State of Colorado's Facebook or Twitter accounts.

C1a-5.  Mr. Sturgell had never used to be what would remotely be considered any vulgar, offensive, unprotected, protected, problematic, or unlawful language as defined by common law on either the Office of the Attorney General of the State of Colorado's Facebook or Twitter accounts.

C1a-6.  Facebook is a public forum due to the fact that's only barrier to entry is submitting a phone number or email address.  Any person in the world can have a Facebook account as long as one of those demands for information is submitted.

C1a-7.  Facebook was founded in 2004 and has 1.6 billion worldwide accounts.  It was created to be and due to its size and availability is a traditional public forum owned by a private corporation.  http://www.statista.com/statistics/264810/number-of-monthly-active-facebook-users-worldwide/

C1a-8.  In the only known social media case, **Baker v Honolulu Police Department CV-12-00469**, the Honolulu Police Department stated that their Facebook page was an ""open public forum*," (where) restrictions that apply to*

16

*certain viewpoints, but not others face the highest level of scrutiny."* **Legal Services Corp. v. Velazquez, 531 U.S. 535 (2001)**

C1a-9.  The Facebook Corporation's Community Standards are more stringent that the common law restrictions on Free Speech as stated by the United States Supreme Court.

C1a-10.  Mr. Sturgell did not violate any part of Facebook's Community Standards that can be found here, https://www.facebook.com/communitystandards?ref=br_tf. The types of speech they restrict are listed below:

C1a-11.  The Facebook Community Standards include definitions of each type of speech they restrict.

- Direct Threats
- Self-injury
- Dangerous Organizations
- Bullying and Harassment
- Criminal Activity
- Sexual Violence and Exploitation
- Regulated goods

C1a-12.  Facebook's Community Standards demand that public figures such as the Attorney General are treated just as private individuals are.

C1a-13. The Facebook Community Standards do NOT restrict explicit language making the Attorney General's Comment Policy more restrictive than Facebook's

17

Community Standards.  In fact, Facebook only restricts direct threats, which they define as "*serious threats of harm to public and personal safety.*"

C1a-14.  The Facebook Corporation did not send any message to any of Mr. Sturgell's Facebook accounts via Facebook or through any of Mr. Sturgell's email accounts stating that he had violated the Corporation's Community Standards because he has not toward the Attorney General.

C1a-15.  The Attorney General's "Comment Policy" and the Facebook Corporation's Community Standards would not stand up to the scrutiny of a tradition public forum or a non-traditional public forum.

C1a-16.  The Attorney General's "Comment Policy" must abide by the Constitution and the scrutiny of a traditional public forum, which they do not.

C1a-17.  The Facebook Corporation has a method of reporting posts and comments that are in violation of their Community Standards.  The Office of the Attorney General of the State of Colorado did not report to the Facebook Corporation any violations of the Community Standards.  The Attorney General took it upon herself to violate Mr. Sturgell's Free Speech rights protected by the First Amendment of the Constitution of the United States of America.

18

C1-18.  If the Facebook Corporation were to review any of Mr. Sturgell's comments or post for against its Community Standards, he would have received a message in some form even if they found no violations. If Mr. Sturgell were to be punished by the Facebook Corporation for violating its Community Standards, Mr. Sturgell would have seen a message to reprimand him, kept from using his account to contact anyone for a period of time, or banished from using Twitter forever.

C1a-19.  Sadly, the Facebook Corporation offers more due process (minimal), than the Attorney General of the State of Colorado, who is supposed to be held to a far higher scrutiny by law, but ignores the laws of the State of Colorado and the United States of America.

C1a-20.  Because it is a private corporation, the Facebook Corporation has the right to allow, not allow, or restrict use of its platform.  The Attorney General only has the right to 1 of 2 methods:

    1.)  Abide by U.S. Supreme Court common law definitions of Free Speech and bring forth a lawsuit for a judicial review.

    2.)  Report Mr. Sturgell's comments on the Attorney General's Office's Facebook page to the Facebook Corporation for them to review whether Mr. Sturgell had violated their Community Standards.

Neither the "Community Standards" of the Facebook Corporation nor the common law methods were enacted because Mr. Sturgell had neither violated Facebook's

Community Standards nor any common law on restrictions of Free Speech. The Attorney General does not have the right to censure, stop, or remove free speech unless it is within the narrow confines and meets the strictest scrutiny of Free Speech stated in common law.

C1a-21. The Facebook Corporation performed no action and made no decisions to block Mr. Sturgell's account from the Facebook page of the Office of the Attorney General of the State of Colorado. The decisions and actions to block Mr. Sturgell's Facebook account, was at the sole discretion of the Office of the Attorney General of the State of Colorado and Cynthia Coffman. Those decisions and illegal actions by the Attorney General violate the First Amendment of the Constitutions of the United States of America and of the State of Colorado.

## C1b.  Twitter

C1b-1. The Twitter page of the Office of the Attorney General of the State of Colorado uses the official seal of the Office of the Attorney General of the State of Colorado. The page is clearly used for official government use to communicate to the citizens of the State of Colorado by both sending out for all Coloradans to see and to receive responses from all Coloradans.

C1b-2.   Twitter is a public forum due to the fact that's only barrier to entry is submitting a phone number or email address.  Any person in the world can have a Twitter account as long as a legitimate email address is submitted.

C1b-3.   Twitter was founded in 2006 and has 310 million worldwide users. It was created to be and due to its size and availability is a traditional public forum owned by a private corporation. http://www.statista.com/statistics/282087/number-of-monthly-active-twitter-users/ https://about.twitter.com/company

C1b-4.   Mr. Sturgell had repetitively pointed out on both the Office of the Attorney General of the State of Colorado's Twitter and Facebook pages the blatant violations of law that the Office of the Attorney General of the State of Colorado at the Department of Regulatory Agencies that the Office of the Attorney General of the State of Colorado colludes and allows the board to violate.

C1b-5.   Mr. Sturgell has repetitively stated the law violations of the Office of the Attorney General of the State of Colorado on the social media platforms of Facebook and Twitter.  Mr. Sturgell has not violated any laws.  However, the Attorney General, knowingly and intentionally violated many laws.

C1b-6.  On February 23, 2016, Mr. Sturgell began wondering why had not been seeing any more Tweets from the Twitter page of the Office of the Attorney

21

General of the State of Colorado, @COAttnyGeneral.  Mr. Sturgell found that he had been blocked from following or viewing any Tweets from the Office of the Colorado Attorney General.

C1b-7.  The Twitter Corporation did not send any message to Mr. Sturgell's Twitter account or any of his email accounts stating that Mr. Sturgell had violated any rules because he has not toward the Attorney General.

C1b-8.  When Mr. Sturgell to the day of this writing attempts to view the Twitter page of the Office of the Attorney General of the State of Colorado, @COAttnyGeneral, all he is allowed to see in the body of the page is the following: *"You are blocked from following @COAttnyGeneral and viewing @COAttnyGeneral's Tweets."*  Only the Office of the Attorney General of the State of Colorado, @COAttnyGeneral can block someone or another Twitter account from accessing or viewing that page.

C1b-9.  If the Twitter Corporation were to punish Mr. Sturgell for violating its rules, Mr. Sturgell would have seen a message to reprimand him, kept from using his account to contact anyone for a period of time, or banished from using Twitter forever.

C1b-10.  Because it is a private corporation, the Twitter Corporation has the right to allow or restrict use of its platform.  The Attorney General only has the right to bring forth a lawsuit to prevent a person from using Twitter if that person has violated U.S. Supreme Court common law to harm another.  The Attorney General does not have the right to censure, stop, or remove free speech.  This is one major reason why the Free Speech clause of the First Amendment was written.

C1b-11.  Twitter performed no action and made no decisions to block Mr. Sturgell's account from the Twitter page of the Office of the Attorney General of the State of Colorado, @COAttnyGeneral.  The decisions and actions to block Mr. Sturgell's Twitter account, was at the sole discretion of the Office of the Attorney General of the State of Colorado.  Those decisions and actions by the Attorney General violate the First Amendment of the Constitutions of the United States of America and of the State of Colorado.

C1b-12.  From the *"learn more"* on Twitter of a blocked page, https://support.twitter.com/articles/20172060

> *"Someone blocked my account*
>
> *Twitter gives **users** a variety of tools to control their experience, including **blocking**. When your account is **blocked by another user** on Twitter, we limit your account's ability to interact with that user.*

***Blocking gives users the ability to hide and ignore unwanted***

***communications.*** *Once you have been blocked, you can still block other*

*accounts (including any that have blocked you)."*

C1b-13.  The only "*unwanted communications*" that an Attorney General can "*hide*

*and ignore*" on any social media are those that have been specifically stated by the

United States Supreme Court.

**C2.  Review of Comment Policy**

C2-1.  Mr. Sturgell found the Attorney General's Facebook "Comment Policy" while

researching and writing this complaint.   He was not aware of it or if it existed when

his comments were deleted and he was eventually blocked.

C2-2.  The Attorney General of the State of Colorado has a 'Comment Policy' for

the Attorney General's Facebook page under the "More" tab with a drop down to

"Comment Policy."   The link can be found here,

https://www.facebook.com/ColoradoAttorneyGeneral/app/211427168875708/?ref=page_in

ternal ***"We want to hear from you."***

C2-3.  Please note that the Attorney General does not mention the Constitution,

common law, or any free speech regulation.  In lieu of the Constitution, the

Attorney General states "*as Facebook allows*."  The Attorney General is bound by the Constitutions that she took an Oath to support and defend.

C2-4.  The Attorney General has no definitions of the following words used in her "Comment Policy."

- "Bullying" or
- "Attempt to dominate a comment thread through repetition" or
- "Explicit" or
- "Offensive" or
- "Extraneous or off-topic to the section;" or
- "Not relevant to the work of the office;" or
- "Are unrelated to matters under consideration by the Attorney General's Office;"  or
- Unproductive;" or
- Abusive"

The fact that none of these words has any definition proves that the comment policy is **constitutionally vague**.  Mr. Sturgell has an above average intelligence, but he does not know what the words meaning according to the Attorney General. These words have different meaning to different people.  No one should be guessing.  "*Men of common intelligence must necessarily guess at its meaning.*"  **Coates v. Cincinnati**, 402 U.S. 611 (1971)  None of which by any

25

definition of these words are to be limited by the Free Speech clause of the First Amendment of the Constitution of the United States.

C2-5.  Mr. Sturgell is above average of intelligence and he does not know what the words that Attorney General has used in their comment policy.  He also does not know why any government official would deviate from the laws of free speech.

C2-6.  Offensive language is legally free speech.  **Cohen v. California 403 U.S. 15, 1971.**

C2-7.  The "Comment Policy" of the Facebook page of The Colorado Attorney General's Office is far more stringent than limitations of free speech for a traditional public forum or a limited public forum.  The more stringent limitations remove free speech rights that must be part of a traditional public forum.

C2-8.  The Attorney General makes it very clear that Attorney General's Facebook page is a public forum by making the statements, *"We want to hear from you.  We encourage public commentary and welcome it on Facebook."*  In the next sentence, the Attorney General states clearly that this is a *"public forum."*

C2-9.   Review of the four enumerated comment policies of the Facebook page of the Office of the Colorado Attorney General:

26

1. **Cohen v. California 403 U.S. 15 (1971)** states clearly that offensive language is Constitutional. This Comment Policy does not define explicit or offensive language.







2. Creating a rule by a government of *dominating a conversation or bullying* with free speech is certainly not in line with the Constitution. This Comment Policy does not define explicit or offensive language. There are certainly examples of the possibility of bullying and explicit language. On this post from March 22, 2016, Shane Thomason on May 10, 2016 comments that he demands that another commenter move out of the country due to a possible different point of view. Mr. Thomason states, *"Move commie. This is America!"*

3. A statement that may not be relevant to the work of the office or unrelated to matter under consideration by the Attorney General's Office is certainly

27











not in accordance with what is allowed in a traditional public forum. The Attorney General invites comments on the problems of the citizens. Limiting what subjects they can write about very much limits the citizen's free speech. It is also not enforceable act to limit free speech with out stating guidelines of what can be commented on each post.

**Left:** An example of 3 comments by Deb Simmons that were well off the topic of the post on roofing scams with a comment on delegates for the Republican Party Presidential nomination.

Seems that the Attorney General will allow off-post comments as long as they promote her political agenda. Allowing some off-post comments, but not others violates the **Equal Treatment of the Law** clause of the **14th Amendment of the Constitution of the United States** accessed via **42 USC**

28









**1983**. More examples of off-post comments on this February 28, 2016 post, include Anne Ross' asking, *"What are you doing for CO?"* which ironically was NOT answered.

Laura Hanes commented with, *"Shame on you for supporting a democratic plan to bypass Tabor laws by adding hospital "fees," which is really a tax. Just has (sic) your husband Rep. Coffman has forgotten his conservative principles so have you."*

On a February 18, 2016 post by the Attorney General, only 1 out of the 4 comments had anything to do with the award. As of June 6, 2016, all of the comments remain.

On a February 16, 2016, Anne Ross posted what seems to be the first of 3 comments of the exact same link. She also did this on comments on February 18, 2016 and February 28, 2016 as exhibited by these screenshots, which mocks on both the repetitive and extraneous or off-topic comment policies.

4.	The Attorney General has often posted for corporate speech, which is not relevant to the office or government speech. An August 26, 2015 post by the Attorney General stated how she was using the office to

protect a certain industry.  The post was a quote of Cynthia Coffman speaking at an oil and gas seminar, *"We're in this together, you in the oilfields and boardrooms and me in the courtrooms."*

C2-10.  Multiple examples of others violating the '*Comment Policy*', but their comments remain to this day.  Mr. Sturgell does not get the same protection of the law from the Attorney General.  The Attorney General would rather violate Mr. Sturgell's right to **Equal Treatment of the Law** clause of the **14th Amendment of the Constitution of the United States of America** accessed via **42 U.S.C. 1983** and his Free Speech rights due to the content of his speech while others are allowed to break "rules"

C2-11.  Ms. Coffman is knowingly and intentionally harming Mr. Sturgell irreparably both emotionally and financially by singling him out to quash the content of his speech since she knows that speech is demanding of her to perform her legally mandated duties.  Ms. Coffman knows that Mr. Sturgell is not allowed to work at what he does better than anyone else in the State of Colorado, which harms him greatly financially and emotionally since he knows that he does not have a government.  He has a syndicate that has a goal of harming Mr. Sturgell to protect a select few.  The only method to stop the damage that Cynthia Coffman has caused Mr. Sturgell is to ask the Federal Courts for relief.

30

## C3.  Violations of Due Process

C3-1.  The Fourteenth Amendment provides in part *"No State shall . . . deprive any person of life, liberty, or property, without due process of law . . ."*  No due process was given in the deprivation of Mr. Sturgell's First Amendment free speech rights.  They were simply taken away without warning or notice or reason.

C3-2.  Fundamental civil rights are protected against discretionary treatment.  In order to ensure the fair, equal, and non-discretionary governance of these rights, government actions that affect a fundamental right, such as freedom of speech require procedural due process.  **Mathews v. Eldridge, 424 U.S. 319 (1976)**.

C3-3.  Mr. Sturgell was never told via comment, message or any other method if he was violating or had violated any limitation of free speech or even the more restrictive comment policy or was he ever directed to the "Comment Policy".  He was not given any warning that he may have violated any limitation of free speech or even the more restrictive comment policy.  Mr. Sturgell was not given any **Due Process Rights** protected by the **14th Amendment of the Constitution of the United States of America accessed via 42 U.S.C. 1983**.  The Attorney General, who of all government officials knows better, simply removed Mr. Sturgell's First Amendment Free Speech rights without notice or due process.

31

C3-4.  Mr. Sturgell stated multiple times as the Attorney General deleted his comments that the Attorney General had no right to deprive his free speech rights. It is beyond a reasonable expectation that the Attorney General knows that Mr. Sturgell has inalienable rights that she is to protect at all times.  The Attorney General decided multiple times to delete Mr. Sturgell's comments and then to block him on Facebook altogether.  She knew it was illegal, was told she was performing an illegal activity, and still performed the illegal act.

**C4.  Attorney General's Obstruction of Public Justice & Official Oppression**

C4-1.  On May 22, 2016, Mr. Sturgell sent a Colorado Open Records Act (CORA) request to Roger Hudson, Director of Communication for the Colorado Attorney General's Office and then again to Erin Lamb, Cynthia Coffman's Executive Assistant and Interim Public Information Officer asking for both the Administrative Review and the legal opinions of both the Colorado Attorney General's Office's Facebook "Comment's Policy" and similar for the Twitter account.

C4-2.  On May 26, 2016, Mr. Sturgell resent the CORA requests to Ms. Lamb who had become the Interim Public Information Officer.  She did not reply to the second request either.

C4-3.  On June 1, 2016, Mr. Sturgell received a letter via email from Stephanie Mann, Assistant Attorney General.  Ms. Mann continued exhibiting the corrupt

culture of the Colorado Office of the Attorney General by many lies, intentional deceit, and a very blatant disregard for the law.  Taxpayer funds were purposely used to intentionally lie to citizens.

C4-4.  Ms. Mann quoted in that letter an Open Records Act request (bottom of page 1 & top of page 2) that Mr. Sturgell asked for and not to this date has been returned.

C4-5.  By not complying with the CORA requests within the 3 days in accordance with **C.R.S. 24-72-203 (3) (b)**, Ms. Lamb and Ms. Mann violated **C.R.S. 18-8-114 - Obstruction of Public Justice**.  There were no extenuating circumstances concerning this open records request.  This Obstruction of Public Justice harmed Mr. Sturgell by preventing his investigation into the fact and that he knew the Attorney General was not an Attorney General, but a private attorney for a select few that has pilfered taxpayer funds and violate law at will.

C4-6.  A properly functioning government would have corrected the wrong immediately by at very least the following actions:

    1.)  Restoring Mr. Sturgell's rights immediately;

    2.)  Apologized and offered compensation immediately;

    3.)  Removed the illegal Comment Policy immediately;

    4.)  Protect ALL Coloradans rights at all times as her Oath demands.

C4-7.  Ironically, the Colorado Open Records Act described on the Attorney General's official website, http://coag.gov/resources/colorado-open-records-act-cora.

C4-8.  The Comment Policy must have been reviewed under the State Administrative Procedures Act, C.R.S. 24-4-101 through 109.  The Administrative Procedures Act demands many tasks and documents that include the following:

1.)   C.R.S. 24-4-103 (8) (b) Legal opinion by the Attorney General;

2.)   C.R.S. 24-4-103 (8.1) (a) *"An agency must have a rule-making record or Administrative Review for public inspection;"*

3.)   C.R.S. 24-4-103 (12) Both rules and legal opinions be filed with the Secretary of State; and

4.)   Per C.R.S. 24-4-103.3, review and report of all rules to DORA

None of these tasks were accomplished and none of these documents exist making the comment policies null and void.

C4-9.  On June 3, 2016, at 2:25 pm Megan Waples of the Colorado Secretary of State replied to Mr. Sturgell's CORA request with the answer that the Secretary of State has no record of the rule of the "comment policy" of the Facebook page of the Office of the Colorado Attorney General or its matching "legal opinion."

34

C4-10.  The definition of "rule" includes policies such as the "comment policy" per C.R.S. 24-4-102 (15)  *""Rule" means the whole or any part of every agency statement of general applicability and future effect implementing, interpreting, or declaring law or policy or setting forth the procedure or practice requirements of any agency. "Rule" includes "regulation"."*

C4-11.  In her June 1, 2016 letter, Ms. Mann made a feeble, illegal, and ugly attempt to confuse Mr. Sturgell with the phrases "legal opinions" and "legal advice" to avoid sending the necessary "legal opinion" demanded by the State Administrative Procedures Act.

C4-12.  Mr. Sturgell was very clear with his asking for a "legal opinion" on a rule. Ms. Mann obviously knew that Mr. Sturgell had asked for a "legal opinion" since he earlier had referenced the **Colorado State Administrative Procedures Act, CRS 24-4-103 (8)(b)**. Mr. Sturgell did state the aforementioned "legal opinion" law to Mr. Roger Hudson, on his first CORA request.  He also asked for the Administrative Review demanded by the same Article in tandem.  Ms. Mann obviously researched Mr. Sturgell's emails to the Attorney General.  It is beyond reasonable the Ms. Mann should know exactly what Mr. Sturgell was requesting.

C4-13.  Mr. Sturgell is too intelligent to ask for legal advice of someone that is knowingly violating law to harm him.  Mr. Sturgell has not sniffed enough benzene

35

to be seeking "legal advice" advice from the Office of the Colorado Attorney General.

C4-14.  Ms. Mann knowingly lied to Mr. Sturgell in attempt to deceive and trick him to avoid sending him the legal opinion that he had demanded.  Why does an Attorney General of a state think it is more advantageous to violate law against a citizen than to obey the law and act as unprofessional as possible?  Why did the arrogance of the Attorney General believe that this was a more advantageous behavior to a person that had already sent 3 Notice of Claims and filed 1 lawsuit against the State of Colorado?  Why does a Federal judge have to punish the Attorney General of the State of Colorado severely enough to ensure that these decisions do not happen again and the Attorney General's Office behaves as a servant of the People of the State of Colorado?

C4-15.  Ms. Mann is an attorney accepted by the BAR.  She knew she was violating **C.R.S. 18-8-114 – Obstruction of Public Justice** and meant to continue to harm and oppress Mr. Sturgell's rights and privileges.

C4-16.  Ms. Mann's behavior and statements are not what are expected of a "servant" of the People.  They are exactly what is expected of a Racketeering, Influenced, Corrupt Organization.

C4-17.  There is absolutely no evidence that Mr. Sturgell asked for legal advice or would ask for legal advice, particularly since he has stated clearly the Office of the Attorney General acts in an excessively corrupt and arrogant manner to protect a select few and disregard 99% of the population.

C4-18.  Legal "opinion" is defined by the **Colorado State Administrative Procedures Act C.R.S. 24-4-102 (9)** as *"Opinion" means the statement of reasons, findings of fact, and conclusions of law in explanation or support of an order."*

C4-19.  Ms. Mann did encourage Mr. Sturgell to review the posted legal opinions of the Office of the Attorney General at their website, coag.gov.  He found the listing on that website to be rather sparse of legal opinions that are demanded for rules and regulations.  The page's listing is sparse enough that at the bottom of the 2nd page of the listing is an opinion from 2006 with 18 per page.  While Ms. Coffman has been in office, there have only been 4 "legal opinions" published, 3 in 2015 and 1 so far in 2016.  The previous Attorney General posted 39 legal opinions in his 10 years.

C4-20.  In Mr. Sturgell's review of the legal opinions listed on coag.gov, he did not find any that were the result of a necessary rule or regulation mandatory per the **Colorado State Administrative Procedures Act, C.R.S. 24-4-103 (8)(b)**.  Since

37

Mr. Sturgell has been requesting legal opinions per CORA and not received any legal opinions for those requests, the ugly attitude, deceit, and lying by Stephanie Mann, and the fact that he was directed to a website of legal opinions where there appear to be none for Administrative Reviews, opens the question if there are ANY legal rules and regulations in ANY department throughout the State of Colorado.

C4-21.  Ms. Mann also lied by stating that Mr. Sturgell, "*In past correspondence with out office, including CORA requests and posts made on our Facebook page and Twitter account, used threatening, abuse, and explicit, or offensive language. For this reason, blocked your access to our Facebook page and Twitter account; this is consistent with our posted policy.  We encourage public feedback but threatening and offensive conduct is unacceptable and will not be tolerated.*"

C4-22.  Mr. Sturgell has NOT made any threats to anyone.  Ms. Mann not only cannot produce any proof, but no threats have ever been made.  Demanding rights, demanding that Attorney General actually follow and enforce the law, and telling the Attorney General that they will be sued for their conduct that is a direct threat to Mr. Sturgell's life, are not threatening speech or conduct.  Ms. Mann has flat out intentionally and knowingly lied by making any statement of Mr. Sturgell making any threatening or abusive

C4-23.  Explicit language is American and VERY Constitutional.  If Ms. Mann does not like explicit language, she needs to find work and living quarters in a convent. If Ms. Mann did not like Mr. Sturgell using explicit language to people that have done such enormous and irreparable damage solely due to the fact that they are knowingly and intentionally violating laws against them, it is demanded that the Attorney General find a prison cell where explicit language will be taught to her on a daily basis.

C4-24.  According to the Legal Dictionary, explicit has the following synonyms:

# Explicit

"(adjective) absolute, accurate, apertus, beyond doubt, categorical, certain, clear, clearly defined, clearly expressed, clearly formulated, clearly stated, crystal- clear, decided, definite, definitus, direct, distinct, distinctly, expressed, distinctly stated, easy to understand, evident, evincive, exact, explanatory, express, expressed outright, indisputable, intelligible, lucid, manifest, obvious, open, outspoken, patent, perspicuous, plain, pointed, precise, recognizable, specific, straightforward, strict, sure, to the point, transparent, unambiguous, understandable, undisguised, unequivocal, unmistakable, well-developed"
http://legal-dictionary.thefreedictionary.com/explicit

Since the Attorney General has forbid explicit language, by this definition she cannot prove any defendant has committed a crime beyond doubt, which is part of the definition of "explicit."  Courts would not be able to operate because rulings and sentencing must be "explicit."  Businesses must use explicit in their language as well.

C4-25.  There are many examples of explicit language by both the Attorney General herself as well as constituents on posts, comments, and reviews.  Explicit language is inescapable for humans to communicate.  Mr. Sturgell did not have his free speech rights removed due to explicit language.  They were removed due to the content of his speech, which was that the Attorney General has violated the laws with knowing and intentional harm to Mr. Sturgell.

C4-26.  Offensive language is legal and has been since at the latest 1971 with Cohen v. California.  Prior to this letter Mr. Sturgell had not used any offensive language.  In an effort to teach the Attorney General what actual offensive but legal language is, Mr. Sturgell placed the watermark of middle finger in the Notice of Claim that was served by the Fuck Bad Cops Guy, Eric Brandt.  Why does Mr. Sturgell have to teach the Attorney General what the Constitution and common law state?

C4-27.  Mr. Sturgell was not deprived of his rights of free speech due to any speech that was unconstitutional or in violation of an illegal "comment policy."  He was deprived of his free speech rights solely due to the content.  The content of his speech was clear and consistent that the Attorney General was and is violating the laws of this country and the State of Colorado to harm Mr. Sturgell and the Attorney General must stop violating law.

C4-28.   Ms. Mann went further with her demands to oppress Mr. Sturgell's Free Speech rights protected by the First Amendment of the Constitution of the United States of America, by stating, *"We will provide access to these accounts provided that going forward you refrain from using threatening, abusive, explicit, or offensive language."* Ms. Mann went a very long way to oppress Mr. Sturgell's Free Speech rights by using a *Comment Policy* that knows to be both null and void per the State Administrative Procedures Act and per the Constitution itself.

C4-29.   By demanding that Mr. Sturgell's be deprived of his free speech rights, Ms. Coffman has violated **C.R.S. 18-8-403 – Official Oppression**.

C4-30.   By demanding to continue to dispossess Mr. Sturgell's Free Speech rights, Ms. Mann violated **C.R.S. 18-8-403 – Official Oppression**.

C4-31.   By violating law with intent to harm, Ms. Mann, Ms. Lamb, Ms. Coffman have violated **C.R.S. 18-8-404 - First Degree Misconduct.**

- Ms. Coffman, Ms. Mann & Ms. Lamb all knew the Office of the Attorney General must abide by the Constitution and abide by it with a higher scrutiny, which they go well out of their way to violate.
- Ms. Coffman, Ms. Mann & Ms. Lamb knew full well per law that they must have a legal opinion for the Attorney General's Facebook *Comment Policy*. They decided to break the law anyway.

41

- Ms. Mann & Ms. Lamb knew full well that they must by law supply the legal opinion that Mr. Sturgell demanded.  They once again made decisions to violate law.  They even put the law they violated on their official website.

Due to intentional violations of law, Ms. Coffman, Ms. Mann & Ms. Lamb all must be removed from their governmental positions for violating **C.R.S. 18-8-404 - First Degree Misconduct.**

C4-32.  Mr. Sturgell needed the legal opinion to determine the legality of the Attorney General's Facebook page "Comment Policy."  The failure to deliver the legal opinion demanded prolonged Mr. Sturgell's investigation and further delayed the return of his rights, which is irreparable.  The failure to have a legal opinion as demanded by law on something this simple has given an exceptionally clear signal that Mr. Sturgell does not have a government.  He has a group of people that believe they can violate at will to suppress citizens, and they do violate law, at will.

## C5.  Ms. Coffman's Failed Oath

C5-1.  Cynthia Coffman took an Oath to support and perform duties to abide by the Constitutions of both the State of Colorado and the United States of America.

C5-2.  The Attorney General made many choices to intentionally and knowingly violate the Constitutions of both the State of Colorado and the United States of America multiple times as explained in this complaint.  Ms. Coffman made

intentional choices to   by choosing not to allow a singled out person that demands that the Attorney General follow and enforce law.  Others, even those that are NOT constituents are allowed to comment on The Colorado Attorney General's Office Facebook page, https://www.facebook.com/ColoradoAttorneyGeneral/?fref=ts.  Mr. Sturgell is a constituent and has been singled out solely due to his legally stated facts that Cynthia Coffman and her Attorney General's Office have violated law to harm Mr. Sturgell.  The Attorney General not only chose to delete comments, but the Attorney General blocked communication from a person that knows the Attorney General is violating multiple laws.  It is obvious the Attorney General demands that free speech of her law violations be silenced.  This is a clear violation of the **Equal Treatment of the Law** clause of the **14th Amendment of the United States of America** accessed via **18 Title, U.S. Code 1983** since it singles out a particular person because simply because of what that person legally stated.

C5-3.  The Office of the Attorney General of the State of Colorado and the Attorney General of the State of Colorado, Cynthia Coffman have clearly violated Mr. Sturgell's Free Speech rights protected by the Constitutions of the United States and the State of Colorado by removing clear methods of communication in an attempt to stop Mr. Sturgell from using those Free Speech rights to spread the word of the violations of law by the Attorney General, the Governor, ALL 100 members of the General Assembly, ALL 22 District Attorneys, the Division of

43

Professions and Occupations of the Department of Regulatory Agencies, and the Architects, Engineers, & Surveyors Board of the Department of Regulatory Agencies.

C5-4.  Mr. Sturgell has clearly been using the Facebook and Twitter *"to petition the government for a redress of grievances"* to the very government official that is charged with protecting Mr. Sturgell's rights and has taken an Oath to do exactly that.  Mr. Sturgell has a First Amendment of the Constitution of the United States right to petition the government official that is removing so many of Mr. Sturgell's rights.  Unfortunately, the very government official that is supposed to protect those Free Speech, Redress of Grievances, and Unequal Treatment of the Law rights is the very person stealing them.

C5-5.  Cynthia Coffman took an Oath to support and defend the Constitutions of the United States of America and the State of Colorado as demanded by **Article 12, Section 8 - Oath of Civil Officers of the Constitution of the State of Colorado** and *"to faithfully perform the duties of the office upon which he shall be about to enter."*  Ms. Coffman intentionally and knowingly has violated that Oath demanded in **Article 12, Section 8 - Oath of Civil Officers of the Constitution of the State of Colorado**.  She has not supported the Constitution since she knowingly and intentionally deleted Mr. Sturgell's legal speech on Facebook and knowingly blocked his free speech rights on both Twitter and Facebook solely

because Mr. Sturgell demanded that Ms. Coffman *"faithfully perform the duties of the office upon which she shall be about to enter."* Ms. Coffman violated her Oath by not only violating Mr. Sturgell's Free Speech rights protected by the First Amendment of the Constitution of the United States of America accessed via **Title 42, Section 1983 of the U.S. Code** and Mr. Sturgell's Equal Treatment of the Law rights protected by the Fourteenth Amendment of the Constitution of the United States of America accessed via **Title 42, Section 1983 of the U.S. Code.**, but has also failed to perform her duties per statute including **C.R.S. 24-31-101 Powers & Duties of the Attorney General**, most specifically subsection *"(f) The attorney general shall have concurrent original jurisdiction with the relevant district attorney over **part 3 of article 25 of title 12, C.R.S.**"* after being told that was clearly violating this law stated in the introduction.

C5-6.  Ms. Coffman's failure to abide by her sworn Oath in violation of the Constitution of the State of Colorado, **Article 12, Section 8 - Oath of Civil Officers; the First and Fourteenth Amendments of the Constitution of the United States of America** and **C.R.S. 24-31-101 (f) Powers & Duties of the Attorney General** all intentionally and knowingly against Mr. Sturgell to knowingly and intentionally cause him great harm with malice is a direct violation of **C.R.S. 18-8-404 - First Degree Misconduct.**

C5-7.  Mr. Sturgell has been harmed by a person of trust that swore to uphold laws and has used the position to abuse that trust to Mr. Sturgell and all of society. It has become obvious that the Oath has no meaning and there is NOBODY checking to ensure that Oath is followed.  There is no clearer signal to Mr. Sturgell that he does NOT have a government than an Attorney General that knowingly and intentionally fails to abide by a Constitution she has sworn to support and perform duties within.

C5-8.  Society is damaged by a person that is charged with law enforcement that for the State of Colorado lies by stating they support and defends the Constitutions of both the State of Colorado and the United States of America, yet that person knowingly and intentionally violates those bedrock laws to protect the crimes of a certain few and of her own.

C5.9  When THE VERY PERSON legally mandated to enforce the laws does the exact opposite, it leads to many others in government to violate laws at will and they do violate law, at will.

## C6.  Deletion of Comments & Blocking on Facebook

C6-1.  Example of Mr. Sturgell's written comments on the Facebook wall of The Colorado Attorney General's Office on approximately August 22, 2015 at 7:16 pm.

*"We are all alarmed and disappointed in your and intentional quashing of free speech, which is protected by this little First Amendment thingy.  How*

*disgusting would be to have The Colorado Attorney General's Office quashing free speech simply because it exposes crimes by the Attorney General is knowingly and intentionally deprivation of multiple rights."*

*"Now you removed my comments about you behave far worse than the EPA by protecting the bribery and crime ridden DORA with literally OKing multiple violations of laws including CRS 12-25-314, which amounts to the Attorney General being a major participant in a racketeering scheme and trick against the People of the State of Colorado.*

*A screen shot has been taken of your illegal removal of my comments I placed earlier today, Saturday August 22, 2015.  Your actions were in violations of the the (sic) Constitutions of the State of Colorado and the United States of America.  This screenshot will be evidence in our upcoming RICO trial.  Why are you trying to suppress evidence?  Yes, you have committed a long string of crimes.*

*Take down my comments again and I will add more charges.  Comprehende criminals?"*

Please note that the Office of the Attorney General was clearly told that they were violating First Amendment rights and that screenshots were taken (see below). They knew they were violating law, did it anyway, and continued to violate more laws.

Mr. Sturgell also stated that the Attorney General has knowingly and intentionally violated other laws to harm his life.  The Attorney General continues to violate

47

these laws with willful and wanton regard to Mr. Sturgell, the State of Colorado or its citizens.

C6-2.  Below are the screenshots taken by Mr. Sturgell labeled with their approximate time and assembled for comparison.  Please note circled in red are the Facebook time stamps on the Attorney General's post below.  The August 22, 2015 post states "6hrs" meaning the post was made by the Attorney General "6hrs" prior to the screenshot.  The same post on the August 23, 2015 screenshot the "Y" of Yesterday is clearly seen in the post time stamp.  "Yesterday" is also at the top of the post, but not encircled in red.   This shows that Mr. Sturgell's comments



about the illegal behavior of the Attorney General have been illegally removed after being warned to stop the behavior.

C6-3.  Example of Mr. Sturgell's written comments on the Facebook wall of The Colorado Attorney General's Office on approximately August 22, 2015 at 7:16 pm. *"Screenshots taken again. You have knowingly and intentionally violated the 1st Amendment of the United States and Article 2, Section 10 of the Colorado Constitution.  You were warned not to delete comments.  You were told since you're such an embarrassing attorney of the Constitutional Amendments that had already violated once and you did it again.  As a sovereign citizen, you are demanded to resign for office."*

C6-3.  Example of Mr. Sturgell's written comments on the Facebook wall of The Colorado Attorney General's Office on approximately August 22, 2015 at 7:16 pm.

*"The Colorado Attorney General's Office's with the People of the State of Colorado is far worse than anything that the EPA could conjure up.  The violations of law at DORA that you have been hiding for decades is proof that the Colorado Attorney General's Office is a sham for a few certain corporations that pay bribes for protection.*

*Screen shot taken.  Don't even think of taking down the truth with me ever again."*

49

C6-4.  Below are 3 screenshots taken by Mr. Sturgell on damage caused by Gold King Mine post of the Attorney General's labeled with their approximate time and assembled for comparison.  Please note the transgression of 3 separate screen shots of the same post.

**Left:**  In the screenshot on the left, Mr. Sturgell tags (highlighted in blue) The Colorado Attorney General's Office.  The next day Mr. Sturgell's comment is gone.

**Middle:**  Mr. Sturgell placed another comment stating he was taking screenshots of the Attorney General deleting his comments.  He states that the Attorney General is knowingly and intentionally violating the Constitutions of the United States and the State of Colorado, again since she has done this previously.

**Right:**  Both comments have been deleted.



C6-5.  This shows that Mr. Sturgell's comments about the illegal behavior of the Attorney General have been illegally removed after being warned to stop the behavior.

C6-6.  Example of Mr. Sturgell's written comments on the Facebook wall of The Colorado Attorney General's Office on approximately August 25, 2015 at 7:16 pm. 8-25-15.

*"Have you ever read CRS 12-25-314?  It should be like a Bible verse to you by now."*

*"Oh goodie!  You violated the Constitution again.*

*Now we all so much safer with the 1% cronies that buy Cynthia Coffman and John W. Hickenlooper.  We want to make sure that DORA is receiving its' improper bribes.  The way we know who you will give the money you steal from us to cover their gambling debts.*

*Licensed Crook or unlicensed crook.  See BIG difference."*

C6-7.  Below are the screenshots taken by Mr. Sturgell labeled with the approximate time of those screenshots.  Please note circled in red are the Facebook time stamps on the Attorney General's post below.  The August 22, 2015 post states "6hrs" meaning the post was made by the Attorney General "6hrs" prior to the screenshot.  The same post on the August 23, 2015 screenshot the "Y" of Yesterday is clearly seen in the post time stamp.  There is also a "Yesterday" at



the top of the post of the Attorney General. This shows that Mr. Sturgell's comments about the illegal behavior of the Attorney General have been

illegally removed after being warned to stop the behavior.

C6-8. **Below:** Screenshot taken at 2:01 pm on February 23, 2016 of the statement that Mr. Sturgell has been blocked from following and viewing the



Attorney General on Twitter.

C6-9. In Ms. Mann's June 1, 2016 letter to Mr. Sturgell, she admits that the Attorney General has knowingly and intentionally violated the

**Free Speech** clause of the **First Amendment of the Constitution of the United States of America** accessed via 42 U.S.C. 1983 by stating that the Attorney General did block Mr. Sturgell on both of the Attorney General's Facebook and Twitter pages.

## C7.  Why Did the Attorney General Deprive Mr. Sturgell's Free Speech Rights & Proof of Failure of Legally Mandated Duties to Harm

C7-1.  **C.R.S. 12-25-314 - Qualifications for Architect Licensure** demands that the architects of the Architects Engineer & Surveyors Board test for "*minimum competency*" without defining what "*minimum competency*" means.  Mr. Sturgell has a response from a CORA request from Joyce Young, of the Department of Regulatory Agencies that the board has NO definition of "*minimum competency.*"

C7-2.  **C.R.S. 12-25-314 - Qualifications for Architect Licensure** demands that the architects of the Architects Engineer & Surveyors Board have a "*set passing score*" for the 7 tests the board demands.  Mr. Sturgell did NOT receive a response from the same CORA request stated in C7-1.  The Board is demanded to have a "*set passing score*" not its testing corporation.

C7-3.  **C.R.S. 12-25-314 - Qualifications for Architect Licensure** states quite clearly "*no more than 3 years practical experience can be demanded by the board.*"

53

C7-4.  The Office of the Colorado Attorney General has a representative at the all of DORA's Architect Engineer Surveyor Board Meetings, John Roberts, Senior Assistant Attorney General.

C7-5.  Virginia architect, Matthew Arnold upon noticing that a large number of "interns" were becoming 30 and 40 years old, began studying the span from architecture degree to licensure for each state.  He asked all 50 state architecture boards for Open Records.  Only 3 followed the law and gave Mr. Arnold the records he demanded, New York, Oregon, & Nebraska.

C7-6.  Colorado's DORA and architects board refused to give Mr. Arnold the documents that he demanded which intentionally and knowingly violated the Colorado Open Records Act and Obstruction of Public Justice laws.

C7-7.  Mr. Sturgell has also demanded the exact information that Mr. Arnold did per CORA.  Mr. Sturgell was denied the information in violation the Colorado Open Records Act and Obstruction of Public Justice laws because DORA, the Attorney General, Governor, General Assembly, and all 22 District Attorneys (157 individuals) are violating different laws to protect one corporation, the AIA.

C7-8.  Mr. Arnold sent his results to all 50 state boards and the AIA's racketeering wing, NCARB.  Mr. Sturgell has an email stating that the Board and DORA are

very aware of Mr. Arnold's research and had the documents, but stated they destroyed documents that incriminate them from their law violations of **C.R.S. 12-25-314 - Qualifications for Architect Licensure,** which is an intentional Interference With Commerce.

C7-9.  Mr. Arnold also published the results of his research in 2010 on both Scribd, https://www.scribd.com/doc/51132717/Concerning-Licensure and Google Docs. They clearly show that the span from degree to licensure has grown dramatically from 3 years in 1983 to an average of 11 years at the end of his research.

C7-10.  The National Council of Architecture Registration Boards that is entirely made up of American Institute of Architecture members, which represents less than half of all licensed architects began publishing it's own research on the same subject called, '*By The Numbers*', http://www.ncarb.org/About-NCARB/NCARB-by-the-Numbers/2012_NBTN.aspx

C7-11.  The Court is asked not to laugh that the comparable numbers in the same graphs, but different years of the "*By The Numbers*' vary in the 2012, 2013, 2014, & 2015 versions of the time from degree to licensure, meaning that each chart is different.  The 2015 chart is so different that it remains hidden from the universe while the post a bunch of other superfluous data.  Why would a racketeering influenced corrupt organization omit data that they have, but terribly incriminates

that for Interference with Commerce?  Please don't ponder for more than 5 seconds.

C7-12.  The 2012 version of '*By The Numbers*' states that the span from degree to licensure was at 8.9 years, which is 3 times the allowable amount per **C.R.S. 12-25-314 - Qualifications for Architect Licensure.**

C7-13.  The 2015 version of '*By The Numbers*' states that the average span to complete the Intern Development Program, an administrative checklist to ensure that employers have the right to interfere with the licensing, potential for competition, and futures of their unlicensed employees.

C7-14.  A "public" member, Debra Ellis of the architects of the Architect, Engineers, and Surveyors Board stated in their July 13, 2012 Meeting Minutes the following concerning IDP:

> *"The rollout of the new Intern Development Program (IDP) 2.0 is deemed to be progressing well; and NCARB has done some recent research to determine that on average it takes five years to complete IDP, whereas previously it was thought to take much longer."*

Ms. Ellis was and is the office manager of the architecture firm Barker, Rinker, Seacat of Aurora, CO, completely removing the idea of "public" representative and an intentional conflict of interest.

C7-15.  Ms. Ellis' statement is an admission of guilt that the board was knowingly violating **C.R.S. 12-25-314 - Qualifications for Architect Licensure.**  The Attorney General was present at this meeting with the Senior Assistant Attorney General, John Roberts.  The Attorney General is not only complicit to these crimes, but proves the fact that they're OKing law violations.

C7-16.  Prior to this meeting, the board stated publicly that they were *"mirroring"* NCARB's IDP rules and had been for years.  Applicants must complete IDP since mirroring is based on absolute and equivocal acceptance.

C7-17.  **Colorado Revised Statutes 24-31-101 Powers & Duties of the Attorney General (1) (f)** states specifically that she enforce all of C.R.S. 12-25 Part 3, which includes **C.R.S. 12-25-314 - Qualifications for Architect Licensure.**  She is blatantly obvious not, despite being told of the harm to lives including Mr. Sturgell's.

C7-18.  **C.R.S. 12-25-314 - Qualifications for Architect Licensure** defines an interference with commerce, **18 U.S.C. 1951 – Interference With Commerce, C.R.S. 6-4-104. Illegal Restraint of Trade or Commerce.**

C7-19.  **C.R.S. 6-4-111 – Enforcement by Attorney General (1)** *"The attorney general shall have the authority to institute actions or proceedings to prevent or*

*restrain violations of this article.*" The Attorney General is clearly aiding and abetting to Interfere With Commerce and NOT preventing it as the law demands her to do. Article 6 includes **C.R.S. 6-4-104. Illegal Restraint of Trade or Commerce.**

C7-20.    Mr. Sturgell has been irreparably harmed both financially and emotionally by the Attorney General's actions to act complicit to and assist in an interference with commerce and then deny Mr. Sturgell's Free Speech rights to continue covering up her crimes and those of many in the government. Mr. Sturgell has been forced into homelessness due to this interference with commerce. He faces public humiliation everyday. He has been kept from family including his nieces and nephews and friends for years. He has been deprived of all of his rights. There is NO amount of money that can repair the damage that the corrupt behavior to harm Mr. Sturgell.

## D1.  Injunctive Relief Sought

D1-1.  Appropriate declaratory and other injunctive and/or equitable relief;

D1-2.  Pinned posts on both Twitter and Facebook pages of the Attorney General to remain for a period of 2 years of a statement of guilt and that all allowed to comment as long it meets the guidelines of Free Speech as defined by the United States Supreme Court. All statements must meet Mr. Sturgell's approval.

D1-3.  Full and immediate enforcement of C.R.S 12-25- 314.  This includes the immediate arrests of all architects and public members on the Architects, Engineers, & Surveyors Board of DORA for the last 10 years; all DORA employees associated with the AES Board; all attorneys on the AES Board for the last 10 years; and any employee of the Attorney General that has been in attendance at AES Board meetings in the last 10 years.

D1-4.  Full immediate audit of the architects license that has never been done since the license started 107 years ago, in 1909. Audit is to include a complete study of all architects licensed since 1980 and the span from degree to licensure. Mr. Sturgell is to have access to all documents, data, and information during this study.

D1-5.  Mr. Sturgell must review and analyze his Architecture Registration Exams. It is necessary for the public to know what is being tested whether they within the confines of minimum competency and with a set passing score as stated in the law or necessary questioning to be an architect under the guidelines of common law *"fitness and capacity."*  Mr. Sturgell will not only have a copy of the test for himself and his records.  He will take them to a 3rd party for their review and analysis paid for by the Attorney General since it has been the Attorney General's legally demanded duties to ensure that the tests are within the law including the Equal Treatment of the Law Clause of the 14th Amendment, U.S. Code, and Colorado Revised Statutes.  The Attorney General is absolutely NOT performing those legally demanded duties.

59

D1-6.  Enter a declaration that the Comment Policy of the Facebook page of the Office of the Colorado Attorney General is unconstitutional on its face and enjoin its enforcement.

D1-7.  Cynthia Coffman's immediate and permanent removal from all positions in government and disbarment.

D1-8.  John Robert's immediate and permanent removal from all positions in government and permanent disbarment.

D1-9.  Stephanie Mann's immediate and permanent removal from all positions in government and permanent disbarment.

D1-10.  Erin Lamb's immediate and permanent removal from all positions in government.

## D2.  Financial Relief Sought

D2-1.  Compensatory and consequential damages, including damages for emotional distress, loss of reputation, humiliation, loss of enjoyment of life, and other pain and suffering on all claims allowed by law in an amount to be determined at trial;

D2-2.  All economic losses on all claims allowed by law;

D2-3.  Punitive damages on all claims allowed by law and in an amount to be determined at trial;

D2-4.  Pre and post-judgment interest at the lawful rate; and

D2-5.  Any further relief that this court deems just and proper, and any other relief as allowed by law.

For the above complaint, I <u>Frank Sturgell</u> state that the contents of this lawsuit are factual to the best of my knowledge.  Signed this <u>24</u><sup>th</sup> day of <u>June</u>, <u>2016.</u>

Frank Sturgell
Pro Se Plaintiff
<u>fsturgell@yahoo.com</u>
No current working phone

Mailing Address
P.O. Box 150609
Lakewood, CO  80215